# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

APRIL FLOOD,

v.

**CRIMINAL ACTION FILE NO.: 4:13-CR-38-01-HLM-WEJ**

**CIVIL ACTION FILE NO.: 4:14-CV-0219-HLM-WEJ**

UNITED STATES OF AMERICA.

## ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, which Petitioner filed under 28 U.S.C.A. § 2255 ("§ 2255 Motion") [48], as amended [52], and on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [78].

# I.   Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely

2

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. <u>Macort</u>, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. <u>United States v. Keel</u>, 164 F. App'x 958, 961 (11th Cir. 2006); <u>United States v. Warren</u>, 687 F.2d 347, 347 (11th Cir. 1982).

## II.   Background

The Court has reviewed the procedural history portion of the Final Report and Recommendation and the record in this action, and concludes that Judge Johnson correctly set forth the procedural history of this case.   The Court therefore incorporates that portion of the Final Report and Recommendation into this Order as if set forth fully herein.

3

AO 72A
(Rev.8/8
2)

(Final Report & Recommendation (Docket Entry No. 78) at 2-6.)

On March 26, 2015, Judge Johnson issued his Final Report and Recommendation.   (Docket Entry No. 78.) Judge Johnson recommended that the Court deny Petitioner's § 2255 Motion, as amended.  (Id.)

Petitioner has not filed Objections to the Final Report and Recommendation.  (See generally Docket.)  The time period in which Petitioner could file Objections has expired, and the Court therefore finds that the matter is ripe for resolution.

## III.  Discussion

### A.   Grounds (1) and (5)(c): Validity of Plea

Petitioner argues that her guilty plea was involuntary because her trial counsel misinformed her concerning the

AO 72A
(Rev.8/8
2)

criminal forfeiture of her real property and failed to explain the plea, the sentencing guidelines, and the mandatory minimum sentence.   Judge Johnson correctly found that Petitioner's "challenges to the validity of her guilty plea based on ineffective assistance are not barred by her appeal waiver."   (Final Report & Recommendation at 7.) Judge Johnson accurately set forth the law governing these claims.  (Id. at 7-8.)  The Court agrees with Judge Johnson that:

> [Petitioner's] assertions are belied by the record.   During the plea hearing, [Petitioner] confirmed her understanding that her real property would be forfeited and affirmed that no one had promised her anything not included in the plea agreement or threatened her to plead guilty. [Petitioner] further asserted that she had read and discussed the plea agreement fully with her attorney. [Petitioner] acknowledged that she faced a ten-year mandatory minimum sentence, that she had agreed that 120 months of imprisonment was

5

a reasonable sentence in this case, and that her sentence would include a term of supervised release of eight years to life. Furthermore, the Court explained that it would take into account the sentencing guidelines to determine whether the sentence the parties had agreed to was reasonable and then reviewed the sentencing recommendation at the government had agreed to in the plea agreement, which [Petitioner] maintained she had read and discussed with counsel. [Petitioner] then confirmed her understanding of the Court's explanation. [Petitioner] has not met her "heavy burden to show that [her] statements under oath were false," and thus fails to show that counsel gave her incompetent advice.

(Id. at 8-9 (citations omitted) (last alteration in original).)

Judge Johnson also correctly found that Petitioner "has not met her burden to show prejudice." (Id. at 9.) Specifically, "[Petitioner] has not alleged that she would have considered going to trial rather than pleading guilty had counsel's advice been different." (Id.)

6

AO 72A

(Rev.8/8

2)

In sum, the Court agrees with Judge Johnson that Petitioner failed to show that her attorney gave her incompetent advice or that any allegedly incompetent advice prejudiced her.  Petitioner therefore is not entitled to relief on grounds (1) and (5)(c) of her § 2255 Motion, as amended, which contest the validity of her guilty plea.  The Court therefore adopts this portion of the Final Report and Recommendation.

## B.   Grounds (2), (3), (5)(a), and (5)(b): Waiver

Petitioner complains that her counsel provided ineffective assistance by failing to: (1) seek the recusal of Senior United States District Judge Robert L. Vining, Jr.; (2) object to the base offense level of 32; (3) object to the criminal history category; (4) object to the § 851 enhancement; (5) seek a downward departure based on

7

AO 72A
(Rev.8/8
2)

Petitioner's history of physical abuse; (6) present evidence concerning the Government informant's lack of credibility; and (7) challenge the warrantless search. The Court agrees with Judge Johnson that the appeal waiver contained in Petitioner's plea agreement is valid and bars those claims. (Final Report & Recommendation at 9-10.) Specifically, Judge Johnson correctly set forth the relevant law concerning sentence appeal waivers. (Id.) Judge Johnson also properly found that "[a]t the plea hearing, the Court specifically questioned [Petitioner] about the appeal waiver, and it is clear that [Petitioner] understood the full significance of the waiver." (Id. at 10.) Under those circumstances, the Court agrees with Judge Johnson that Petitioner "voluntarily and intelligently waived her right to appeal her convictions and sentences and to pursue any

8

other collateral post-conviction relief." (Id.) Judge Johnson correctly found that the only exceptions to the waiver did not apply here. The Court therefore agrees with Judge Johnson that Petitioner's "valid appeal waiver precludes her claims that counsel provided her ineffective assistance during sentencing." (Id.)   Additionally, Judge Johnson correctly found that Petitioner's valid guilty plea barred her claims "that counsel was ineffective for failing to seek the recusal of Judge Vining, present evidence regarding the government informant's lack of credibility, and challenge the warrantless search." (Id. at 10-11.)

Moreover, the Court agrees with Judge Johnson that, even if the appeal waiver provision in Petitioner's plea agreement did not bar the above claims, the "claims lack merit." (Final Report & Recommendation at 11.)   First,

Petitioner's argument "that Judge Vining should have been recused because he knew where her property was located and knew the Flood family name because he was from Murray County . . . is not a sufficient ground for recusal." (Id. (citations omitted).)  Second, with respect to "counsel's assistance at sentencing, [Petitioner] cannot show prejudice because she received the lowest possible sentence in accordance with her binding plea agreement." (Id.)  Third, the Court agrees with Judge Johnson that Petitioner "does not present any factual detail or argument regarding the government informant's lack of credibility and for not challenging the warrantless search." (Id. at 12.)  Judge Johnson properly found that "[c]onclusory allegations of ineffective assistance are insufficient." (Id. (internal quotation marks and citation omitted).)

10

In sum, Judge Johnson properly evaluated grounds (2), (3), (5)(a), and (5)(b), and correctly found that Petitioner cannot obtain relief based on those claims.   The Court therefore adopts this portion of the Final Report and Recommendation.

## C.   Ground (4): Failure to File a Notice of Appeal

On December 12, 2014, Judge Johnson held an evidentiary hearing to address Petitioner's contention that her counsel failed to file a notice of appeal.  (Docket Entry No. 69.)  Judge Johnson provided an accurate summary of the relevant testimony from that evidentiary hearing in the Final Report and Recommendation.   (Final Report & Recommendation at 12-14.)  Judge Johnson also correctly set forth the governing law.  (Id. at 14-16.)

11

The Court finds that Judge Johnson properly evaluated the testimony of Petitioner and her former counsel, Vionette Johnson, given at the evidentiary hearing.  (Final Report & Recommendation at 16.)   The Court therefore will not disturb Judge Johnson's finding that Ms. Johnson's testimony was more credible than Petitioner's testimony. (Id.)   The Court agrees with Judge Johnson that "Ms. Johnson consulted with [Petitioner] about her right to appeal in a constitutionally adequate manner on more than one occasion." (Id.) As Judge Johnson concluded:

> Ms. Johnson reviewed the appeal waiver provision of the plea agreement with [Petitioner] and made certain that [Petitioner] understood it, which [Petitioner] acknowledged by signing her plea agreement and confirming with the Court during her plea hearing.  Ms. Johnson further explained that, if [Petitioner] appealed, the government could move to dismiss the appeal pursuant to the waiver and might construe the appeal as a breach of the

12

plea agreement, which could then result in a trial where [Petitioner] would face a possible sentence of double what she received under the plea agreement. Ms. Johnson thus advised [Petitioner] that it was not in her best interest to appeal.

(Id. at 16.)

Judge Johnson also correctly found that, even if Ms. Johnson's consultation with Petitioner was not constitutionally adequate, "Ms. Johnson did not have a constitutional duty to consult with [Petitioner] regarding her appeal rights." (Final Report & Recommendation at 16.) As Judge Johnson noted:

[Petitioner] was convicted following a guilty plea pursuant to a binding plea agreement that included an appeal waiver provision. [Petitioner] received the precise statutory mandatory minimum sentence for which she had bargained and expected. The only exceptions to the appeal waiver, i.e., a government appeal or a sentence that exceeded the guideline range as calculated by the Court, do not apply here.

13

(Id. at 16-17.)   Under those circumstances, the Court agrees with Judge Johnson that Petitioner "had no nonfrivolous ground to appeal," and "a rational defendant should not want to appeal.  (Id. at 17.)

Additionally, Judge Johnson properly found that Petitioner "understood the significance of her appeal waiver, as well as Ms. Johnson's reasonable advice that an appeal was not in [Petitioner's] best interest, and that [Petitioner] made the decision not to pursue an appeal."  (Final Report & Recommendation at 17.)  The Court agrees with Judge Johnson that Petitioner "testified that she had questions about her appellate rights on the day of sentencing and was advised by counsel at that time, but she never again raised the issue of an appeal in three subsequent communications directed toward counsel." (Id.) Under those circumstances,

14

AO 72A
(Rev.8/8
2)

Judge Johnson properly found that Petitioner "has not shown that she reasonably demonstrated an interest in appealing." (Id.)

Finally, the Court agrees wtih Judge Johnson that Petitioner "has not shown that she would have timely appealed absent Ms. Johnson's alleged failure to adequately consult with her about an appeal." (Final Report & Recommendation at 18.) As Judge Johnson noted, the fact that Petitioner "asked Ms. Johnson about her appeal rights during sentencing and afterwards in her holding cell is not enough to show that she would have instructed . . . counsel to file an appeal had counsel provided reasonable advice." (Id. (alteration in original) (internal quotation marks and citation omitted).)

15

In sum, Judge Johnson correctly evaluated and rejected Plaintiff's claim concerning her counsel's failure to file a notice of appeal.  The Court therefore adopts this portion of the Final Report and Recommendation.

### D.   Certificate of Appealability

The Court also agrees with Judge Johnson that a certificate of appealability is not warranted.  (Final Report & Recommendation at 18-19.)  Specifically, "the resolution of the issues presented is not debatable by jurists of reason." (Id. at 19.)  The Court therefore adopts this portion of the Final Report and Recommendation, and declines to issue a certificate of appealability.

## IV.  Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge

16

AO 72A
(Rev.8/8
2)

Walter E. Johnson [78], and **DENIES** Petitioner's § 2255 Motion [48], as amended [52].   The Court **DECLINES** to issue a certificate of appealability.   Finally, the Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with the § 2255 Motion: Civil Action File No. 4:14-CV-0219-HLM-WEJ.

IT IS SO ORDERED, this the 20 day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE

17

AO 72A
(Rev.8/8
2)